**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| R.J. Liebe Athletic Lettering Company,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>Varsity Brands, Inc.,<br>Varsity Spirit Corporation, and<br>Varsity Spirit Fashions & Supplies, Inc.,<br><br>　　　　　　　Defendants. | Civil Action No. 10-989<br>Removal from the Circuit Court of<br>St. Louis County, Missouri<br>No. 10SL-CC01626 |

---

### ANSWER AND COUNTERCLAIM

---

COME NOW, the Defendants, Varsity Brands, Inc., Varsity Spirit Corporation, and Varsity Spirit Fashions & Supplies, Inc. (collectively "Defendants") and in response to Plaintiff's Petition aver as follows:

### Jurisdiction and Parties

1.　　　Defendants are without sufficient knowledge or information as to the allegations in paragraph 1 of Plaintiff's Petition and, therefore, deny the same.

2.　　　Defendants admit the allegations contained in paragraph 2 of Plaintiff's Petition.

3.　　　Defendants admit the allegations contained in paragraph 3 of Plaintiff's Petition.

4.　　　Defendants admit the allegations contained in paragraph 4 of Plaintiff's Petition.

5.　　　Defendants admit that they are subject to personal jurisdiction in this judicial district and that they have transacted business within this State.  Defendants deny the remaining allegations contained in paragraph 5 of Plaintiff's Petition.

6.      Defendants admit that they are subject to personal jurisdiction in this judicial district upon which venue may be based but deny that this judicial district is a convenient venue to litigate the claims alleged in Plaintiff's Petition.  Defendant further denies that a substantial part of the alleged events or omissions in Plaintiff's Petition occurred in this district or that Plaintiff suffered any injury in the State of Missouri.  Defendants deny the remaining allegations of paragraph 6 of Plaintiff's Petition.

## Background

7.      Defendants admit that they were customers of Plaintiff for over twenty years. Defendants admit that they have dealt fairly with Plaintiff.  Defendants admit that Plaintiff is in the business of selling and supplying lettering and logo designs cut from material for later use and application by Plaintiff's customers, generally in the decoration of uniforms, including uniforms for athletic teams.  Defendants deny that Exhibit 1 to Plaintiff's Petition is illustrative of what Plaintiff provided to Defendants as Defendants routinely provided Plaintiff with "in color" lettering and logos designs, while Plaintiff only supplied black and white lettering files which did not contain any color.  Defendants admit that Plaintiff has in the past, many years ago, provided Defendants with physical lettering product which contained colors and which Defendants affixed to athletic uniform products. Defendants deny that Liebe has or owns any rights superior to Defendants in lettering and logo designs and cutting and designing techniques. Defendants are without sufficient knowledge or information as to the remaining allegations in paragraph 7 of Plaintiff's Petition and, therefore, deny the same.

8.      Defendants admit that they are in the business of selling, supplying and otherwise providing cheer leading uniforms, which frequently utilize lettering and logo designs commonly being associated with athletic teams.  Defendants admit that it has utilized Liebe's products in the

- 2 -

past.  Defendants are without sufficient knowledge or information as to the remaining allegations in paragraph 8 of Plaintiff's Petition and, therefore, deny the same.

9.      Defendants deny that Plaintiff has or owns any rights superior to Defendants in lettering designs, logo designs, cutting techniques, designing techniques, and/or manufacturing techniques.  Defendants deny that "Confidential Information" as defined in paragraph 9 of Plaintiff's Petition constitutes trade secrets owned exclusively by Plaintiff.  Defendants are without sufficient knowledge or information as to the remaining allegations in paragraph 9 of Plaintiff's Petition and, therefore, deny the same.

10.      Defendants deny that Plaintiff has or owns any rights superior to Defendants in lettering designs, logo designs, cutting techniques, designing techniques, and/or manufacturing techniques.  Defendants deny that "Confidential Information" as defined in paragraph 10 of Plaintiff's Petition constitutes trade secrets owned exclusively by Plaintiff.  Defendants are without sufficient knowledge or information as to the remaining allegations in paragraph 10 of Plaintiff's Petition and, therefore, deny the same.

11.      Defendants deny that Plaintiff has or owns any rights superior to Defendants in lettering designs, logo designs, cutting techniques, designing techniques, and/or manufacturing techniques.  Defendants deny that "Confidential Information" as defined in paragraph 11 of Plaintiff's Petition constitutes trade secrets owned exclusively by Plaintiff.  Defendants are without sufficient knowledge or information as to the remaining allegations in paragraph 11 of Plaintiff's Petition and, therefore, deny the same.

12.      Defendants deny that Plaintiff has or owns any rights superior to Defendants in lettering designs, logo designs, cutting techniques, designing techniques, and/or manufacturing techniques.  Defendants deny that "Confidential Information" as defined in paragraph 12 of

M AB1 2067477 v1
2783944-000044 05/25/2010
Firmwide:95651064.1 615000.2508

Plaintiff's Petition constitutes trade secrets owned exclusively by Plaintiff. Defendants are without sufficient knowledge or information as to the remaining allegations in paragraph 12 of Plaintiff's Petition and, therefore, deny the same.

13. Defendants deny that Plaintiff has or owns any rights superior to Defendants in lettering designs, logo designs, cutting techniques, designing techniques, and/or manufacturing techniques. Defendants deny that "Confidential Information" as defined in paragraph 13 of Plaintiff's Petition constitutes trade secrets owned exclusively by Plaintiff. Defendants are without sufficient knowledge or information as to the remaining allegations in paragraph 13 of Plaintiff's Petition and, therefore, deny the same.

14. Defendants deny that Plaintiff has or owns any rights superior to Defendants in lettering designs, logo designs, cutting techniques, designing techniques, and/or manufacturing techniques. Defendants deny that "Confidential Information" as defined in paragraph 14 of Plaintiff's Petition constitutes trade secrets owned exclusively by Plaintiff. Defendants are without sufficient knowledge or information as to the remaining allegations in paragraph 14 of Plaintiff's Petition and, therefore, deny the same.

15. Defendants deny that Plaintiff has or owns any rights superior to Defendants in lettering designs, logo designs, cutting techniques, designing techniques, and/or manufacturing techniques. Defendants deny that "Confidential Information" as defined in paragraph 15 of Plaintiff's Petition constitutes trade secrets owned exclusively by Plaintiff. Defendants are without sufficient knowledge or information as to the remaining allegations in paragraph 15 of Plaintiff's Petition and, therefore, deny the same.

16. Defendants admit that Exhibit 2 shows an email originating from Randy Weber to Plaintiff regarding a change to the lettering of the word "Marquettes." Defendants admit that

- 4 -

Liebe handled other change order requests for Defendants. Exhibit 2 also appears to contain portions which have been redacted, and thus, Defendants cannot at this time respond to the redacted portions. Defendants are without sufficient knowledge or information as to the remaining allegations in paragraph 16 of Plaintiff's Petition and, therefore, deny the same.

17.     Defendants admit that, in or about 2003, they requested access to electronic files of lettering designs and logo designs, many of which electronic files were jointly developed by Defendants and Plaintiff, but which were maintained in an electronic database at Plaintiff. Defendants admit that Exhibit 3 purports to be meeting notes discussing sharing information with and from Plaintiff and Defendants, but Defendants are unable to determine the authenticity of Exhibit 3 or the author of such purported notes and demand strict proof of the same if Defendants' interests are to be affected thereby.

18.     Defendants admit that Exhibit 4 purports to be an email from Kline Boyd to Jimmy Liebe, specifically stating that Varsity and Plaintiff will share the costs of getting files in form to be transferred to Varsity and further stating that "[w]e will share agreed upon costs, establishing rights for both parties in the technology/process." Defendants admit that the email states "[w]e will proceed in 03 as we did in 02, transferring files on an as needed basis."

19.     Defendants are without sufficient knowledge or information as to the allegations in paragraph 19 of Plaintiff's Petition and, therefore, deny the same.

20.     Defendants deny that they ever entered into any license agreement with Plaintiff regarding Confidential Information and thus deny the existence of any such license agreement. Therefore, Defendants deny the allegations contained in paragraph 20 of Plaintiff's Petition.

M AB1 2067477 v1
2783944-000044 05/25/2010
Firmwide:95651064.1 615000.2508

21.     Defendants admit that, in or about 2004, they had access to electronic files of lettering designs and logo designs, many of which electronic files were jointly developed by Defendants and Plaintiff, but which were maintained in an electronic database at Plaintiff.

22.     Defendants admit that ordered product from Plaintiff totally $1,498,036.16 in 2006; $1,647,319.23 in 2007; $1,113,096.18 in 2008; $489,871.71 in 2009.  Defendants admit that its business relations with Plaintiff were cordial.   Defendants are without sufficient knowledge or information as to the remaining allegations in paragraph 22 of Plaintiff's Petition and, therefore, deny the same.

23.     Defendants deny that they misappropriated any information from Plaintiff. Defendants are without sufficient knowledge or information as to the remaining allegations in paragraph 23 of Plaintiff's Petition and, therefore, deny the same.

24.     Defendants admit the allegations contained in paragraph 24 of Plaintiff's Petition.

25.     Defendants admit that Plaintiff attempted to revoke an alleged license, but Defendants deny that any valid license regarding Confidential Information was entered into by the parties.

26.     Defendants deny the allegations contained in paragraph 26 of Plaintiff's Petition.

### Count I – Breach of Contract

27.     Defendants incorporate by reference as if set forth fully herein their responses to paragraphs 1-26 of Plaintiff's Petition.

28.     Defendants deny that they ever entered into any license agreement with Plaintiff regarding Confidential Information and thus deny the existence of any such license agreement. Therefore, Defendants deny the allegations contained in paragraph 28 of Plaintiff's Petition.

- 6 -

29.     Defendants deny that they ever entered into any license agreement with Plaintiff regarding Confidential Information and thus deny the existence of any such license agreement. Therefore, Defendants deny the allegations contained in paragraph 28 of Plaintiff's Petition.

30.     Defendants deny the allegations contained in paragraph 30 of Plaintiff's Petition.

31.     Defendants deny the allegations contained in paragraph 31 of Plaintiff's Petition.

32.     Defendants deny the allegations contained in paragraph 32 of Plaintiff's Petition.

33.     Defendants deny the allegations contained in paragraph 33 of Plaintiff's Petition.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief or any of the remedies requested in the Petition, and therefore prays that this claim be dismissed with costs awarded to Defendants, along with Defendants' attorneys' fees and any such other relief as the Court may in its discretion find just.

### <u>Count II – Violation of Missouri's Uniform Trade Secrets Act</u>

34.     Defendants incorporate by reference as if set forth fully herein their responses to paragraphs 1-33 of Plaintiff's Petition.

35.     Defendants deny that Plaintiff has or owns any rights superior to Defendants in lettering designs, logo designs, cutting techniques, designing techniques, and manufacturing techniques.  Defendants deny that "Confidential Information" as defined in paragraph 9 of Plaintiff's Petition constitutes trade secrets owned exclusively by Plaintiff.  Defendants deny the remaining allegations contained in paragraph 35 of Plaintiff's Petition.

36.     Defendants deny the allegations contained in paragraph 36 of Plaintiff's Petition.

37.     Defendants deny the allegations contained in paragraph 37 of Plaintiff's Petition.

38.     Defendants deny the allegations contained in paragraph 38 of Plaintiff's Petition.

39.     Defendants deny the allegations contained in paragraph 39 of Plaintiff's Petition.

M AB1 2067477 v1
2783944-000044 05/25/2010
Firmwide:95651064.1 615000.2508

40.     Defendants deny the allegations contained in paragraph 40 of Plaintiff's Petition.

41.     Defendants deny the allegations contained in paragraph 41 of Plaintiff's Petition.

42.     Defendants deny the allegations contained in paragraph 42 of Plaintiff's Petition.

43.     Defendants deny the allegations contained in paragraph 43 of Plaintiff's Petition.

44.     Defendants deny the allegations contained in paragraph 44 of Plaintiff's Petition.

WHEREFORE, Defendants deny that Plaintiff is entitled to any relief or any of the remedies requested in the Petition, and therefore prays that this claim be dismissed with costs awarded to Defendants, along with Defendants' attorneys' fees and any such other relief as the Court may in its discretion find just.

## AFFIRMATIVE DEFENSES

Defendants incorporate by reference as if set forth fully herein their responses to the paragraphs contained in Plaintiff's Petition.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Petition fails to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's Petition fails to state a claim with the requisite particularity.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's breach of contract claim is barred under the doctrine of copyright misuse as Plaintiff seeks to enforce an alleged license agreement for copyrights which do not exist and/or which are owned, at least in part, by Defendants, and thus having an anticompetitive effect on Defendants.

- 8 -

## FOURTH AFFIRMATIVE DEFENSE

Venue is not appropriate in this District and a transfer to the Western District of Tennessee is proper under 28 U.S.C. § 1404(a) as the Western District of Tennessee is a more convenient forum and such a transfer is in the interest of justice.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are pre-empted by the Federal Copyright Act, 17 U.S.C. § 301.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of estoppel, waiver, laches and/or acquiescence.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that lettering designs, logo designs, manufacturing techniques, or the Confidential Information is protectable under the United States Copyright Laws and/or protectable as trade secrets, one or more of the Defendants are the authors/owners of such designs, techniques, and confidential information and are entitled to use, offer for sale, sale, reproduce, distribute, manufacture, advertise, promote and make derivative works of such designs, techniques, and Confidential Information.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants rely upon the doctrine of accord and satisfaction to bar Plaintiff's claims, either in whole or in part as Plaintiff's development of lettering designs and logo designs was at Defendants' specific directions and requests and Plaintiff received compensation for its services of fabrication of the lettering designs and logo designs originally created by Defendants.

M AB1 2067477 v1
2783944-000044 05/25/2010
Firmwide:95651064.1 615000.2508

## NINTH AFFIRMATIVE DEFENSE

Defendant denies that Plaintiff is entitled to attorney's fees and/or punitive damages under federal, state or common law.

## TENTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiff's claims are barred either in whole or in part by the applicable statutes of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses and counter-claims that may be revealed through discovery in this matter and as appropriate and necessary.

## COUNTERCLAIMS

Defendants, through their attorneys, hereby allege the following counterclaims:

1.      Defendant Varsity Brands, Inc. is a Delaware corporation with its principal place of business at 6745 Lenox Center Court, Memphis, Tennessee 38115.

2.      Defendant Varsity Spirit Corporation is a Tennessee corporation with its principal place of business at 6745 Lenox Center Court, Memphis, Tennessee 38115.

3.      Defendant Varsity Spirit Fashions & Supplies, Inc. is a Minnesota corporation with its principal place of business at 6745 Lenox Center Court, Memphis, Tennessee 38115.

4.      Upon information and belief, Plaintiff is a Missouri corporation with its principal place of business at 582 Goddard Ave., Chesterfield, MO 63005.

5.      Defendants' counterclaims seek Declaratory Judgments pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

- 10 -

6.      Subject matter jurisdiction over Defendants' Counterclaims is based upon 28 U.S.C. §§ 1332, 2201, 2202, and upon Rule 13 of the Federal Rules of Civil Procedure.

7.      This Court has personal jurisdiction over Plaintiff based upon Plaintiff's continuous and systematic transaction of business in the State of Missouri.

8.      Venue lies in this Court, among other forums, pursuant to 28 U.S.C. § 1391.

## COUNT I OF COUNTERCLAIM:  COPYRIGHT MISUSE

9.      Defendants hereby reallege and incorporate herein by reference paragraph 1-8 of Defendants' Counterclaims.

10.      Plaintiff has attempted to leverage the rights granted under any valid copyright to areas outside the exclusive rights granted by the Copyright Act.  As a result, the Plaintiff has engaged in certain anticompetitive behavior and/or other actions that are in violation of public policy underlying the federal copyright laws.

11.      Plaintiff asserts that Defendants have breached an alleged license agreement pertaining to artwork files stored on Plaintiff's FTP site.

12.      Plaintiff asserts that the license agreement provides:  "All artwork files stored on this FTP site, and any derivative therefrom, are the copyrighted property of R. J. Liebe Athletic Lettering Company (Liebe).  They are fully protected by U.S. and international copyright laws; all rights reserved."

13.      Plaintiff asserts that it has revoked this license and Defendants are breaching this alleged license agreement by continuing to use the artwork files.

14.      However, the artwork referenced in the license agreement is either not protectable by copyright law or alternatively is owned, at least in part, by Defendants.

M AB1 2067477 v1
2783944-000044 05/25/2010
Firmwide:95651064.1 615000.2508

15.     Despite the fact that letters, font, and styles are not protectable by copyright laws or alternatively are owned by Defendants, Plaintiff asserts that Defendants are breaching a license agreement allegedly licensing the right to use artwork to Defendants which is in the public domain or alternatively owned by Defendants.

16.     Because Plaintiff is now asserting that Defendants are unlawfully using artwork which properly belongs in the public domain or to Defendants, Plaintiff is attempting to exercise rights beyond those permitted by the Copyright Act and in violation of public policy.

17.     Plaintiff's breach of contract claim has an anticompetitive effect on Defendants by attempting to preclude them from using letters and designs that are either available to the public to use with or without permission of Plaintiff or are owned by Defendants.  If Defendants are precluded from using such letters and designs, Defendants will not be able to compete in the business of providing athletic uniforms which necessarily requires the use of letters associated with team names, mascots, and logos, etc.  Accordingly, Plaintiff's misuse of copyright law is having an anticompetitive effect on Defendants as well as on the public by attempting to exercise rights beyond those granted by the Copyright Act in violation of public policy underlying the federal copyright laws.

18.     Accordingly, Defendants are entitled to the Court's resolution of this controversy through an adjudication and declaration that Plaintiff is guilty of copyright misuse, that the Defendants are permitted to use, reproduce, prepare derivative works of, distribute copies of, sell, offer for sale, manufacture, publicly display, publicly perform, and distribute lettering artwork and designs which Plaintiff asserts is covered by the alleged license agreement, and that the Defendants have not breach any license agreement with Plaintiff with regard to any copyrighted property.

- 12 -

## COUNT II OF COUNTERCLAIM:  DECLARATION OF OWNERSHIP OF CONFIDENTIAL INFORMATION

19.     Defendants hereby reallege and incorporate herein by reference paragraph 1-18 of Defendants' Counterclaims.

20.     Plaintiff asserts that Defendants have misappropriated "over 40,000 proprietary lettering designs and logos along with the methods for manufacturing the designs and logos associated with those files" and "techniques for implementing both the initial design of the art work and the manufacturing techniques for translating the designs into final products which provide the esthetic attributes of the art work" (hereinafter collectively referred to as "Confidential Information").

21.     This Confidential Information is owned, at least in part, by Defendants through the parties' joint development and/or through Defendants' independent work and development of the Confidential Information.

22.     Exhibit 4 to Plaintiff's Petition clearly shows the parties' intention that Defendants would own, at least partly, the Confidential Information.  Exhibit 4 to Plaintiff's Petition appears to be an email dated March 13, 2003, from an employee of Defendant Varsity Spirit Corporation to Plaintiff and plainly provides that:  "We will share agreed upon costs, establishing rights for both parties in the technology/process."

23.     The parties' intended to, and in fact did, jointly develop the Confidential Information.  Further, the parties intended for ownership of the "technology/process" to be attributed to Plaintiff as well as Defendants.

Accordingly, Defendants are entitled to the Court's resolution of this controversy through adjudication and declaration that the Defendants are owners of the Confidential Information

- 13 -

which is the subject of Plaintiff's breach of contract claim and trade secret misappropriation claim.

WHEREFORE, Defendants pray that:

1.      That the Court dismiss Plaintiff's Petition with prejudice and enter judgment for Defendants.

2.      That the Court declare that Plaintiff has engaged in copyright misuse in violation of the public policy underlying the federal copyright laws.

3.      That the Court declare that Defendants have not breached any license agreements with Plaintiff.

4.      That the Court declare that Defendants have the right to use, reproduce, prepare derivative works of, distribute copies of, sell, offer for sale, manufacture, publicly display, publicly perform, and distribute any and all Confidential Information and any and all information or artwork which Plaintiff alleges is covered by its License Agreement.

5.      That the Court declare that Defendants are owners of the Confidential Information which is the subject of Plaintiff's claim for breach of contract and claim for trade secret misappropriation.

6.      That the Court award Defendants their costs and expenses as well as attorneys' fees.

7.      That Defendants be awarded such other and further relief as this Court may deem just and proper.

- 14 -

Respectfully submitted,


/s/ Harry W. Wellford, Jr.

Harry W. Wellford Jr, #4683
LITTLER MENDELSON P.C.
Two CityPlace Drive, Suite 200
St. Louis, MO 63141
314.812.2696 direct
314.432.4796 fax
hwellford@littler.com

*OF COUNSEL*:

Grady Garrison (TN BPR #8097)
Adam S. Baldridge (TN BPR # 23488)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue
Memphis, TN 38103
(901) 526-2000
(901) 577-2303 (facsimile)
ggarrison@bakerdonelson.com
abaldridge@bakerdonelson.com

***Counsel for Varsity Brands, Inc., Varsity
Spirit Corporation, and Varsity Spirit
Fashions & Supplies, Inc.***

- 15 -

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following persons with copies of the within and foregoing document by depositing a copy of the same in the United States Mail with proper postage affixed thereto to assure delivery:

Nelson D. Nolte
Lionel L. Lucchesi
POLSTER, LIEDER WOODRUFF &
LUCHESI, L.C.
12412 Powerscourt Dr., Suite 200
St. Louis, MO 63131


This 28th day of May, 2010.

/s/ Harry W. Wellford, Jr.

2