

IN THE CIRCUIT COURT OF THE COUNTY OF ST LOUIS
STATE OF MISSOURI

| | |
|---|---|
| R.J. Liebe Athletic Lettering Company ) | |
| ) | |
| Plaintiff, ) | INJUNCTIVE RELIEF REQUESTED |
| ) | |
| v. ) | Case No. |
| ) | |
| Varsity Brands, Inc., ) | Division No. 8 |
| Varsity Spirit Corporation, and ) | |
| Varsity Spirit Fashions & Supplies, Inc ) | |
| ) | |
| Defendants. ) | |
| ) | |

### PETITION

COMES NOW Plaintiff R.J. Liebe Athletic Lettering Company ("Liebe"), by and through its undersigned counsel, and for its cause of action against Varsity Brands, Inc., Varsity Spirit Fashions and Supplies, Inc. and Varsity Spirit Corporation (collectively "Varsity" or "Defendants") states as follows:

### Jurisdiction and Parties

1. Liebe is a Missouri corporation with its principal office located in St. Louis County, Missouri, at 582 Goddard Ave., Chesterfield, MO 63005.

2. Upon information and belief Defendant Varsity Brands, Inc. is a corporation organized and existing under the laws of the State of Delaware with is principal place of business at 6745 Lenox Center Court, Memphis, Tennessee 38115.

3. Upon information and belief Defendant Varsity Spirit Corporation is a corporation organized and existing under the laws of the State of Tennessee with is principal place of business at 6745 Lenox Center Court, Memphis, Tennessee 38115.

4. Upon information and belief Defendant Varsity Spirit Fashions & Supplies, Inc., is a corporation organized and existing under the laws of the State of Minnesota with its principal

place of business at 6745 Lenox Center Court, Memphis, Tennessee 38115. Defendants Varsity Brands, Inc., Varsity Spirit Corporation and Varsity Spirit Fashions & Supplies, Inc. are hereinafter referred to collectively as "Varsity."

5. This Court has jurisdiction over Defendants pursuant to Mo. Rev. Stat § 506.500 in that Defendants have transacted business, entered into contract and committed tortious acts within this State.

6. Venue is appropriate in this court pursuant to Mo. Rev. Stat. § 508.010 because at least one count of this petition alleges a tort and Liebe was first injured in the State of Missouri in this county.

## Background

7. Defendants were customers of Liebe for over twenty years. That long relationship was based on fair dealing and trust that existed prior to Jan.1, 2010. Liebe is in the business of developing, selling, supplying and otherwise providing custom proprietary lettering and logo designs cut from material for later use and application by Liebe's customers, generally in the decoration of uniforms, and more specifically, uniforms associated with athletic teams. Illustrative examples of products supplied by Liebe are attached as Exhibit 1. Liebe's ability to initially design and fabricate, for example, by proprietary cutting techniques and proprietary designing techniques, are a corner stone of Liebe's business operations.

8. Defendants are in the business of selling, supplying and otherwise providing cheer leading uniforms, such uniforms commonly being associated with the athletic teams utilizing Liebe products. For many years, there was a commonality of interest in the use of Liebe products in conjunction with the products sold by Defendants.

2

9. Liebe treats its information concerning the techniques for implementing both the initial design of the art work and the manufacturing techniques for translating the designs into final products which provide the esthetic attributes of the art work displayed in Liebe's products as confidential ("Confidential Information"). This Confidential Information is maintained in confidential files kept at Liebe's offices and is made available to Liebe employees only as needed to perform their job duties for Liebe. Such Confidential Information constitutes trade secrets of Liebe which enables Liebe to be successful in a highly competitive business.

10. Liebe Confidential Information is not generally known to or readily ascertainable by proper means outside of Liebe's internal operations.

11. Liebe has invested considerable time, talent, effort and expense in establishing and developing such Confidential Information and in developing valuable and extensive trade among its customers because of the availability to Liebe of that Confidential Information.

12. Liebe used, and continues to use, reasonable and diligent efforts to maintain and protect its Confidential Information.

13. Liebe originally produced the Confidential Information manually, and maintained paper files of the Confidential Information.

14. In or about 1995, Liebe at considerable expense converted the designs, methods of manufacture and know how contained in the manual files into a proprietary database containing the Confidential Information.

15. Access to the data base is strictly controlled, and in particular, competitors of Liebe have no legal access to the database.

16. Until in or about 2003, all customers of Liebe handled what might be considered the equivalent of a change order request or manufacturing mistake correction on even relatively

small product runs through Liebe. For example, Defendants routinely emailed change requests to Liebe as shown in <u>Exhibit 2</u>.

17. In or about 2003, Varsity began requesting access to the Confidential Information contained in the Liebe databases. Attached as <u>Exhibit 3</u> are notes of a joint meeting discussing the progress of the proposed arrangement.

18. As confirmed in <u>Exhibit 4</u>, on or about 3/19/03 Defendants' personnel stated that the intention for the file sharing arrangement was to be on an "as needed basis."

19. Varsity was and is the only customer of Liebe given access to the Confidential Information.

20. Access to the Confidential Information was based on a limited license, any information accessible to Varsity was done on the specific conditions that:

> *All artwork files stored on this FTP site, and any derivative therefrom, are the copyrighted property of R. J. Liebe Athletic Lettering Company (Liebe). They are fully protected by U.S. and international copyright laws; all rights reserved. Permission shall be limited to the granting of a revocable use license. Upon revocation licensed user shall promptly return any and all files as well as any copies or derivative works in electronic, print or any other format. Access to this site acknowledges this license and the acceptance thereof.*

21. Access to the Liebe databases by Varsity was completely operational in or about 2004.

22. Business relations between Liebe and Defendants remained steadfast and cordial until 2009. During that period, sales by Liebe to Defendants were:

> 2006 – $1,498,036.16
>
> 2007 – $1,647,319.23
>
> 2008 – $1,113,096.18
>
> 2009 – $489,871.71

23. Early in 2009, Liebe detected a high access rate of its Confidential Information by Varsity, i.e., the copying rate was substantially higher than one would expect for an "as needed basis" access as originally envisioned by Liebe and Varsity. On information and belief, Varsity misappropriated over 40,000 proprietary lettering designs and logos along with the methods for manufacturing the designs and logos associated with those files.

24. On November 16, 2009, Liebe was informed that Varsity no longer would use Liebe as a supplier.

25. On December 15, 2009, Liebe revoked the license for use of its Confidential Information, and asked that all file material be returned to Liebe.

26. On information and belief, Varsity has supplied Liebe Confidential Information to competitors of Liebe in breech of the agreement under which Varsity was granted access to the Confidential Information, to Liebe's substantial harm.

## Count I - Breech of Contract

27. Liebe realleges and incorporates herein as if fully set forth Paragraph 1-26 above.

28. The license under which Defendants acquired the Confidential Information is reasonable, and no greater than fairly required to protect and preserve Liebe's legitimate protectable interests, and more specifically its trade secrets, trade and know-how and other confidential and proprietary information.

29. Liebe has complied with all of its obligations under the license.

30. The actions of Defendants, as described above, are in violation of the License Agreement and have caused, and will continue to cause, serious and irreparable harm and injury to Liebe.

31. No legal remedy can adequately protect Liebe from Defendants' continuing acts of violating the License Agreement in that strict money damages to Liebe are unascertainable. If

5

Defendants are permitted to continue to violate the License Agreement, Liebe's customer relationships, competitive position and profitability will be irreparably and irrevocably harmed.

32. Liebe faces immediate, irreparable and irrevocable harm as a result of Defendants' conduct. Injunctive relief is necessary to afford Liebe adequate relief.

33. The harm faced by Liebe outweighs any harm Defendants may suffer from the relief granted by this Court.

WHEREFORE, Plaintiff Liebe prays that:

A. Defendants and their agents, servants, employees, and those persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from using or disclosing to any person Liebe's Confidential Information and trade secrets, including, but not limited to, know how, technical information, or any other Trade Secrets of Liebe;

B. Defendants and their agents, servants, employees, and those persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from divulging, furnishing, publishing or using for their personal benefit or for the direct or indirect benefit of any other person or business entity, whether or not for monetary gain, any confidential or proprietary information of Liebe;

C. Defendants and their agents, servants, employees, and those persons in active concert or participation with them, be preliminarily and permanently enjoined from engaging in any acts and conduct in violation of the License Agreement;

D. Defendants and their agents, servants, employees, and those persons in active concert or participation with them, be ordered to immediately return to Liebe all confidential

and proprietary information of Liebe, and all copies thereof, in whatever form stored or maintained including any list or compilation of that information maintained by Defendants;

E.  This Court enter an award for monetary damages sustained by Liebe as a result of Defendants' violation of the License Agreement, including any misappropriation and wrongful use or disclosure of Liebe's trade secrets and confidential and proprietary information, both prior and subsequent to the termination of the License Agreement, including lost profits to Liebe and/or unjust enrichment of Defendants resulting from any contacts with Liebe's competitors;

F.  This Court assesses Liebe's costs and attorneys' fees of this action against Defendants;

G.  This Court enter an award of punitive damages in an amount sufficient to deter Defendants and their agents, servants, employees, and those persons in active concert or participation with them, from any continuation, repetition, or like or related misconduct in violation of the License Agreement and the Missouri Uniform Trade Secret Act;

H.  Liebe be granted such other and further relief, including but not limited to, an equitable accounting of all lost sales and profits lost by Liebe and reaped by Defendants and/or their agents, servants, employees, and those persons in active concert or participation with them, and an accounting as to all persons to whom Liebe's Confidential Information, or any portion thereof, has been disclosed, in consequence of Defendants' misappropriation of Liebe's trade secrets; and

I.  Liebe be granted such other and further relief as the Court may deem just and proper. By virtue of the foregoing acts complained of in Counts I, Plaintiff Liebe demands judgment in its favor against Defendants for preliminary and permanent injunctive relief,

damages for misappropriation of its trade secrets, and such other damages and equitable relief as this Court deems just and proper.

### Count II - Violation of Missouri's Uniform Trade Secrets Act

34.     The allegations set forth in Paragraphs 1-33 above are realleged and incorporated herein by reference.

35.     Liebe's Confidential Information constitutes trade secrets within the meaning of the Missouri Uniform Trade Secrets Act, R.S.Mo. §§ 417.450 - 417.467 ("Trade Secrets"), in that they constitute a compilation of data which derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by other persons who can obtain economic value from its disclosure or use, and in that Liebe has undertaken efforts reasonable under the circumstances to maintain the secrecy of such Trade Secrets.

36.     Any misappropriation or improper use of Liebe's Confidential Information constitutes a violation the Missouri Uniform Trade Secrets Act, § 417.450 et. seq. R.S.Mo.

37.     The violations of the Missouri Uniform Trade Secrets Act as described in this Petition are actual and continuous, may result in Defendants' unjust enrichment and unfair commercial advantage and will cause, and continue to cause, lost business, lost profits and other serious and irreparable harm and injury to Liebe, its business operations, relationships and goodwill. Such actual or threatened misappropriation may be enjoined pursuant to § 417.450 and § 417.455. R.S.Mo.

38.     No legal remedy can adequately protect Liebe from any misappropriation of its Confidential Information in that strict monetary damages to Liebe are unascertainable. If Defendants are permitted to utilize Liebe's Confidential Information, Liebe's competitive edge and profitability will be irreparably and irrevocably injured.

39. Unless Defendants and their agents are enjoined by this Court from engaging in the wrongful conduct described herein, Liebe will suffer immediate irreparable injury, loss, damage and harm for which it lacks an adequate remedy at law.

40. The substantial and irreparable injury to Liebe if Defendants and their agents are not enjoined outweighs any harm the issuance of an injunction may inflict on Defendants and their agents.

41. Liebe has a substantial likelihood of success on the merits of its claims against Defendants.

42. Liebe disclosed its trade secrets to Defendants under circumstances giving rise to a duty to maintain the secrecy thereof and to limit the use thereof.

43. Defendants' acts and conduct in using and/or disclosing Liebe's trade secrets constitutes actual and threatened continued misappropriation of Liebe's trade secrets for the purposes of the Act, and further demonstrates that they will inevitably use or disclose such trade secrets unless enjoined and restrained from doing so.

44. Defendants' knowing misappropriation of Liebe's trade secrets evidences a reckless disregard for the rights of Liebe, or other outrageous conduct by Defendants, warranting the imposition of punitive damages pursuant to Section 417.457 of the Missouri Uniform Trade Secrets Act.

WHEREFORE, Plaintiff Liebe prays that:

A. Defendants and their agents, servants, employees, and those persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from using or disclosing to any person, Liebe's Confidential Information and trade secrets,

including, but not limited to, know how, technical information, or any other Trade Secrets of Liebe;

B. Defendants and their agents, servants, employees, and those persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained from divulging, furnishing, publishing or using for their personal benefit or for the direct or indirect benefit or for the direct or indirect benefit of any other person or business entity, whether or not for monetary gain, any confidential or proprietary information of Liebe;

C. Defendants and their agents, servants, employees, and those persons in active concert or participation with them, be preliminarily and permanently enjoined from engaging in any acts and conduct in violation of the License Agreement;

D. Defendants and their agents, servants, employees, and those persons in active concert or participation with them, be ordered to immediately return to Liebe all confidential and proprietary information of Liebe, and all copies thereof, in whatever form stored or maintained including any list or compilation of that information maintained by Defendants;

E. This Court enter an award for monetary damages sustained by Liebe as a result of Defendants' violation of the License Agreement, including any misappropriation and wrongful use or disclosure of Liebe's trade secrets and confidential and proprietary information, both prior and subsequent to the termination of the License Agreement, including lost profits to Liebe and/or unjust enrichment of Defendants resulting from any contacts with Liebe's competitors;

F. This Court assesses Liebe's costs and attorneys' fees of this action against Defendants;

G. This Court enter an award of punitive damages in an amount sufficient to deter Defendants and their agents, servants, employees, and those persons in active concert or participation with them, from any continuation, repetition, or like or related misconduct in violation of the License Agreement and the Missouri Uniform Trade Secret Act;

H. Liebe be granted such other and further relief, including but not limited to, an equitable accounting of all lost sales and profits lost by Liebe and reaped by Defendants and/or their agents, servants, employees, and those persons in active concert or participation with them, and an accounting as to all persons to whom Liebe's Confidential Information, or any portion thereof, has been disclosed, in consequence of Defendants' misappropriation of Liebe's trade secrets; and

I. Liebe be granted such other and further relief as the Court may deem just and proper. By virtue of the foregoing acts complained of in Count II, Plaintiff Liebe demands judgment in its favor against Defendants for preliminary and permanent injunctive relief, damages for misappropriation of its trade secrets, and such other damages and equitable relief as this Court deems just and proper.

Respectfully Submitted,

POLSTER, LIEDER WOODRUFF & LUCCHESI, L.C.

By /s/ Nelson D. Nolte
Nelson D. Nolte, Mo. Bar # 42938
Lionel L. Lucchesi, Mo. Bar #20675
12412 Powerscourt Dr., Suite 200
St. Louis, MO 63131
(314)238-2400
(314)238-2401 FAX

nnolte@patpro.com
llucchesi@patpro.com