IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| R.J. Liebe Athletic Lettering Company,<br><br>Plaintiff,<br><br>vs.<br><br>Varsity Brands, Inc.,<br>Varsity Spirit Corporation, and<br>Varsity Spirit Fashions & Supplies, Inc.,<br><br>Defendants. | Civil Action No. 4:10-cv-00989-HEA |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND SCHEDULING ORDER**

This matter is before the Court on Plaintiff R.J. Liebe Athletic Lettering Company's Motion to Amend the Scheduling Order (Doc. 103). For the reasons stated below, and in particular, (1) because of Plaintiff's failure to show good cause for adding new deadlines in the Case Management Order, and (2) because Plaintiff's proposed amendments inject ambiguity into the Case Management Order, the Court should deny Plaintiff's Motion to Amend the Scheduling Order.[1]

**INTRODUCTION**

In the instant Motion, Plaintiff requests that the Court modify the current Rule 16(b) Case Management Order (Doc. 34) to (1) add an additional fast-approaching October 31, 2010 deadline for Varsity to disclose whether it will waive its attorney-client privilege as part of an

---

[1] Varsity does not oppose Plaintiff's request to extend by one month the existing expert deadlines in the Court's current Case Management Order. However, as discussed below, Varsity does oppose Plaintiff's attempts to insert new deadlines into the Case Management Order.

advice of counsel defense to Plaintiff's attempts to recover punitive damages; and (2) add and unnecessarily modify the deadlines relating to expert discovery. Plaintiff's Motion, however, is devoid of any legal support for the imposition of either of these "new" deadlines. Further, even if Plaintiff would have shown good cause for adding these additional deadlines (which it has not), Plaintiff's October 31, 2010 deadline is unreasonable and highly prejudicial to Varsity. Finally, Plaintiff's proposed modification to the existing expert deadlines would inject ambiguity into the Court's Case Management Order. Accordingly, Plaintiff's Motion for leave to add these new deadlines should be denied.

## ARGUMENT

Rule 16 of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified **only** for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). When determining whether modification of a scheduling order is necessary, courts may consider prejudice to the non-moving party. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001). Here, Plaintiff has failed to show good cause for modifying the Case Management Order and, moreover, the modification proposed would be prejudicial to Varsity.

 1. **Plaintiff has failed to show good cause to add a new deadline for Varsity to waive attorney-client privilege as part of advice of counsel defense.**

Plaintiff's attempt to add a new deadline on October 31, 2010 (which is just over one month away) for Varsity to decide whether to waive attorney-client privilege in response to a speculative punitive damage assertion should be rejected. Plaintiff has cited no case to support good cause to include this deadline in a scheduling order. Indeed, Varsity is aware of no case where a court has granted a motion to amend a Rule 16(b) scheduling order to add a deadline by which the parties must indicate whether they will rely on an advice of counsel defense to a punitive damages assertion. This subject matter simply does not belong in a scheduling order

2

and Plaintiff has failed to carry its burden of establishing good cause for this new deadline to be included in the Case Management Order.

Furthermore, even if it were proper to include such a deadline in a scheduling order, Plaintiff's proposed October 31, 2010 deadline is extremely prejudicial to Varsity. The parties have conducted only expedited discovery to date on Plaintiff's Motion for Preliminary Injunction. The current Case Management Order provides a March 4, 2011 close of discovery deadline. Varsity is still in the process of developing its litigation strategy, which will be largely predicated on information gathered during full discovery. Thus, to require Varsity to determine whether it will rely on an "advice of counsel" defense in just over 30 days would be unreasonable and unfairly prejudicial, especially considering the fact that virtually no discovery has been conducted on several of Varsity's defenses or on Plaintiff's damages.

Moreover, Plaintiff has already amended its pleadings once and has a Second Motion to Amend currently pending before the Court. Plaintiff's Second Motion to Amend Complaint, however, has been opposed by Varsity. Thus, the instant Motion is premature with regard to Plaintiff's recently proposed state law claims. If, however, Plaintiff's pending motion to amend is granted, under Plaintiff's proposed October 31, 2010 deadline, Varsity would have less than one month to conduct its own discovery and develop a litigation strategy as to whether it will assert an "advice of counsel" defense to those new claims for which Plaintiff is seeking punitive damages. Developing a litigation strategy on such short notice would be substantially prejudicial to Varsity, if not altogether impossible under the discovery time periods provided by the Federal Rules of Civil Procedure. Accordingly, Varsity submits that Plaintiff's proposed October 31, 2010 deadline is extremely unreasonable and unduly prejudicial to Varsity.

3

2.  **Plaintiff's proposed additions to the existing expert deadlines add ambiguity to the Court's Case Management Order and should be rejected.**

In its Motion for Leave, Plaintiff seeks to change the existing deadlines in the Court's Case Management Order in such a way that the modification will inject ambiguity into the Case Management Order. For example, the current Case Management Order provides as follows:

> (b) Plaintiff shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **November 1, 2010**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **December 1, 2010**.
>
> (c) Defendant shall disclose all expert witnesses and shall provide the reports required by Rule 26(a)(2), Fed.R.Civ.P., no later than **January 3, 2011**, and shall make expert witnesses available for depositions, and have depositions completed, no later than **February 1, 2011**.

(Dkt. No. 34 at 3-4.) In contrast to these clear deadlines, Plaintiff's proposed amendments to the Case Management Order would modify the existing deadlines dependent on which party has the burden of proof and also adds an additional deadline for rebuttal expert disclosures. (Pl.'s Mot. at 2.)

While Plaintiff argues that the modification is necessary due to the counterclaims which Varsity has asserted in this matter, this argument is unavailing for two reasons. First, it is not necessarily true that Varsity bears the burden on most of its counterclaims because the counterclaims are defensive in nature. Thus, whether Varsity would have the burden on those counterclaims is unclear because those counterclaims are affirmatively plead in defense to Plaintiff's claims for which Plaintiff first bears the burden of proof. Therefore, Plaintiff's proposed amendment to set deadlines by the party which bears the burden of proof injects ambiguity into the Court's Case Management Order. Second, at the time of the entry of the Court's current Case Management Order, Varsity had already asserted counterclaims in this case. As a result, Plaintiff could and should have addressed its concerns before the current Case

4

Management Order was entered. Accordingly, Plaintiff's proposed addition and modification of the existing expert discovery deadlines should be rejected.[2]

## CONCLUSION

For the foregoing reasons, Varsity respectfully requests that Plaintiff's Motion be denied with the exception that the existing expert deadlines in the Court's current Case Management Order be extended by one month.

Respectfully submitted,

s/ Adam S. Baldridge
Harry W. Wellford Jr.
Ebony M. McCain
LITTLER MENDELSON P.C.
One Metropolitan Square
211 North Broadway, Suite 1500
St. Louis, MO 63102
314.659.2004 direct
314.659.2099 fax
hwellford@littler.com

Grady Garrison (TN BPR #8097)
    (admitted *pro hac vice*)
Adam S. Baldridge (TN BPR # 23488)
    (admitted *pro hac vice*)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
165 Madison Avenue
Memphis, TN 38103
(901) 526-2000
(901) 577-2303 (facsimile)
ggarrison@bakerdonelson.com
abaldridge@bakerdonelson.com

*Counsel for Varsity Brands, Inc., Varsity Spirit Corporation, and Varsity Spirit Fashions & Supplies, Inc.*

---

[2] Varsity does not oppose the one month extension of the existing expert deadlines in the Court's current Case Management Order.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 24th day of September 2010, a copy of the foregoing electronically filed document was served upon all counsel of record via electronic mail:

Lionel L. Lucchesi
William Cunningham
Nelson D. Nolte
POLSTER, LIEDER WOODRUFF &
LUCHESI, L.C.
12412 Powerscourt Dr., Suite 200
St. Louis, MO 63131


This 24th day of September, 2010.

                                                   s/ Adam S. Baldridge

M AB1 2179815 v1
0-0 09/24/2010