IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| R.J. Liebe Athletic Lettering Company,<br><br>Plaintiff,<br><br>vs.<br><br>Varsity Brands, Inc.,<br>Varsity Spirit Corporation, and<br>Varsity Spirit Fashions & Supplies, Inc.,<br><br>Defendants. | Civil Action No. 4:10-cv-00989-HEA |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S NEWLY-ASSERTED CLAIMS**

This matter is before the Court on Defendants', Varsity Brands, Inc., Varsity Spirit Corporation, and Varsity Spirit Fashions & Supplies, Inc. (collectively "Defendants" or "Varsity"), Motion to Dismiss Plaintiff's Newly-asserted Claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because (1) Plaintiff's proposed copyright infringement claim for copyright registration TX-7-193-540 for "computer program" (Count III) fails to meet the minimum pleading requirements under *Twombly* and *Iqbal*; and (2) Plaintiff's proposed claims of conversion (Count IV) and quantum meruit (Count V) are preempted by the Missouri Uniform Trade Secrets Act.

**INTRODUCTION**

Plaintiff's Second Amended Complaint contains three new claims: (1) copyright infringement of copyright registration TX-7-193-540 for an alleged "computer program" (Count III), (2) conversion (Count IV) and (3) quantum meruit (Count V). However, these claims

1

should be dismissed as a matter of law. Specifically, Plaintiff has failed to state a claim regarding copyright infringement of a "computer program." Plaintiff's Second Amended Complaint includes no allegations about who authored the alleged "computer program," and how, if at all, Varsity has accessed and copied any "computer program." Interestingly, while Plaintiff's previous copyright infringement claims were all based on compilation copyrights, Plaintiff does nothing more than merely insert the copyright registration number into the existing Count III without including any additional factual assertions. In short, Plaintiff's proposed claim of copyright infringement of an alleged "computer program" fails as matter of law to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure and is not pled with the requisite specificity to state a claim upon which relief can be granted.

Likewise, Plaintiff's additional claims for conversion and quantum meruit should be dismissed because they are expressly preempted by the Missouri Uniform Trade Secrets Act. Plaintiff's conversion and quantum meruit claims contain no new facts and Plaintiff unwittingly admits that these claims "conform to the facts alleged in the Original and First Amended Complaints." Thus, Plaintiff's newly asserted conversion and quantum meruit claims are preempted by its claim of misappropriation of trade secrets. Consequently, Plaintiff's claims for conversion and quantum meruit should be dismissed as a matter of law.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff commenced this Action on April 21, 2010 by filing a Petition in the Circuit Court of St. Louis County, Missouri, claiming that Varsity misappropriated Plaintiff's alleged trade secrets. (Dkt. No. 1.) Varsity removed the Action to this Court and filed an Answer on May 28, 2010, asserting that Plaintiff's alleged trade secrets were not protectable and have not been misappropriated by Varsity. (Dkt. No. 3.) On June 21, 2010, Plaintiff filed a motion for leave,

M AB1 2185689 v1
2783944-000044 10/19/2010

which the Court granted, to amend Plaintiff's Petition and file an Amended Complaint, adding a claim for copyright infringement based on its yearly art file compilations and its electronic database compilation. (Dkt. No. 12.)

On September 9, 2010, Plaintiff filed its second motion for leave to amend its complaint, and on October 6, 2010, the Court heard argument on Plaintiff's motion. While the Court granted Plaintiff's motion for leave to file its second amended complaint which includes claims of copyright infringement of "computer program" (Count III), conversion (Count IV), and quantum meruit (Count V),[1] the Court acknowledged that it expected that Varsity would be filing a motion to dismiss those newly-asserted claims. No new factual allegations have been made in Plaintiff's proposed Second Amended Complaint. In fact, the only change made to Count III from Plaintiff's Amended Complaint is the addition of the copyright registration number, TX 7-193-540, for an alleged "computer program." (Second Am. Compl. ¶ 47 & Ex. 22.) There are no factual allegations about this alleged "computer program." (*Id.*) Further, there are no allegations regarding authorship or ownership or even how Varsity infringes this alleged "computer program." (*Id.*) There simply are no allegations related to any infringement of a "computer program." (*Id.*)

Similarly, there are no additional factual allegations upon which Plaintiff's conversion and quantum meruit claims are based. (*See* Second Am. Compl.) In fact, in Plaintiff's Motion for Leave to File its Second Amended Complaint, Plaintiff admitted that the conversion and quantum meruit claims are based on the same facts as its trade secret misappropriation claim, noting that Plaintiff's

---

[1] While Plaintiff's first amended complaint included a claim of copyright infringement for yearly art file compilations and for its electronic database compilation, Plaintiff had not yet received from the Copyright Office a copyright registration for its electronic database compilation at the time of the filing of Plaintiff's first amended complaint. As a result, Plaintiff's Second Amended Complaint also amends the pleading to include the registration number for the electronic database compilation. However, Varsity is not challenging Plaintiff's addition of the registration number for the electronic database compilation as the parties have already engaged in expedited discovery on that copyright claim as a result of Plaintiff's motion for preliminary injunction. To be clear, Varsity is challenging the addition of an entirely new claim of copyright infringement based on a "computer program" copyright registration.

3

new state law claims "conform to the facts alleged in the Original and First Amended Complaints." (Pl.'s Mot. for Leave to File Second Amended Compl. ¶ 9.)

Accordingly, Varsity submits this Motion to Dismiss and requests that the Court dismiss the new claims contained in Plaintiff's Second Amended Complaint.

## RULE 12(b)(6) STANDARD OF REVIEW

Under the standard announced in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and more recently in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), the Court made clear that a party is obligated to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation") (citation omitted). The Supreme Court in *Twombly* rejected the test that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 561-62. Under the *current* standard, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). This requires more than "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id*. As stated by the Supreme Court in *Iqbal*, a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of further factual enhancement." *Id*. (quoting *Twombly*, 550 U.S. at 570).

Moreover, to survive a motion under Rule 12, a complaint must contain enough facts to establish a "plausible," as opposed to merely a "possible," entitlement to relief. *Iqbal*, 129 S.Ct. at 1949. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

4

*Id.* In determining whether a plaintiff has alleged sufficient plausibility, a court must first disregard allegations that are mere legal conclusions and then determine if sufficient facts have been alleged to create a plausible claim. *Id*. at 1950. If such facts have not been alleged, the complaint must be dismissed. *Id*.

## ARGUMENT

The Court should dismiss the three newly-added claims in Plaintiff's Second Amended Complaint because (1) Plaintiff's proposed claim of copyright infringement based on an alleged "computer program" fails to satisfy the pleading requirements under *Twombly* and *Iqbal*, and (2) Plaintiff's claims for conversion and quantum meruit are preempted by the Missouri Uniform Trade Secrets Act.

### 1. Plaintiff's newly-asserted copyright infringement claim fails as a matter of law because it is lacks the factual support required under *Twombly* and *Iqbal*.

Plaintiff's new copyright infringement claim for an alleged "computer program" is devoid of any supporting factual allegations, and thus, fails to satisfy the minimum pleading requirements set forth in *Twombly*. Rule 8 of the Federal Rules of Civil Procedure requires that a pleading be sufficient to give the defendant fair notice of the claim and grounds upon which it rests. *See Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). It is the well-pled facts that determine the adequacy of a complaint, and such facts must be sufficient to raise a right to relief above the speculative level. *See Clemons v. Crawford*, 585 F.3d 1119, 1124 (8th Cir. 2009).

To adequately plead a copyright infringement claim, a plaintiff must allege, among other things, by what acts during what time the defendant infringed the copyright. *Kelly v. LL Cool J.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1992). Rule 8's pleading requirement is not met in copyright infringement cases unless the *particular* infringing acts are set out with some specificity. *Id.* at

36 n.3. "Broad, sweeping allegations of infringement do not comply with Rule 8." *Id.*; *see Vance v. Am. Soc'y of Composers, Authors & Publishers*, 271 F.2d 204, 207 (8th Cir. 1959) (finding that a composer's complaint for copyright infringement against various publishing companies failed to make specific allegations of copyright infringement and thus failed to meet the Rule 8 pleading requirement). In *National Business Development Services, Inc. v. American Credit Education and Consulting, Inc.*, 2008 WL 4772074, at **2 (6th Cir. Oct. 31, 2008) (copy attached as Ex. A), the court affirmed the dismissal under *Twombly* of the plaintiff's copyright infringement claim because there was "neither (1) an identification of a work produced by Defendants that infringes upon Plaintiff's copyrighted work, nor (2) a description of the manner in which Defendants' works infringe upon Plaintiff's work." The court reasoned that the "plaintiff did no more than plead bare legal conclusions." *Id.* (noting "[c]opyright infringement, like anti-trust actions, lends itself readily to abusive litigation, since the high cost of trying such a case can force a defendant who might otherwise be successful in trial to settle in order to avoid the time and expenditure of a resource intensive case."); *see also Miller v. Facebook*, 2010 WL 1292708, *3 (N.D. Cal. Mar. 31, 2010) (copy attached as Ex. B) (dismissing plaintiff's copyright infringement claim under *Twombly* because "[m]ere legal conclusions disguised as factual allegations will not suffice").

Plaintiff's Second Amended Complaint merely added an additional copyright registration number, TX-7-193-540, which is directed to an alleged "computer program." (Second Am. Compl. ¶ 47 & Ex. 22.)  Despite inserting a new copyright registration number for an entirely new type of copyright - "computer program," Plaintiff's Second Amended Complaint alleges no new facts. (*Id.*) This is especially critical since the previously copyrights alleged in Plaintiff's Amended Complaint relate to compilations while the new copyright infringement claim relates to

a "computer program." (*Id.*) Plaintiff simply has not alleged how Varsity copied any "computer program." *See LL Cool J.*, 145 F.R.D. at 36. Plaintiff's Second Amended Complaint is simply devoid of any factual allegations relating to any alleged "computer program." Having alleged no facts relating to the "computer program" copyright, Plaintiff has not pled a "short and plain statement of the claim showing that [it] is entitled to relief" in accordance with Rule 8 and certainly has failed to satisfy the pleading standard required by *Twombly* and *Iqbal*. *See Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570) (A complaint is insufficient "if it tenders 'naked assertion[s]' devoid of further factual enhancement."). Accordingly, Plaintiff's claim related to copyright registration number TX-7-193-540 for copyright infringement of an alleged "computer program" should be dismissed.

    **2.    Plaintiff's newly-asserted conversion and quantum meruit claims should be dismissed as a matter of law because they are preempted by the Missouri Uniform Trade Secrets Act.**

Plaintiff's proposed conversion and quantum meruit claims should be dismissed because they are preempted by the Missouri Uniform Trade Secrets Act. Missouri Revised Statute § 417.463 of the Missouri Uniform Trade Secrets Act ("MUTSA") provides:

> 1. Except as provided in subsection 2 of this section, sections 417.450 to 417.467 displace conflicting tort, restitutionary, and other laws of this state providing civil remedies for misappropriation of a trade secret.
>
> 2. Sections 417.450 to 417.467 shall not affect:
>
>    (1) Contractual remedies, whether or not based upon misappropriation of a trade secret; or
>
>    (2) Other civil remedies, that are not based upon misappropriation of a trade secret;….

Mo. Rev. Stat. § 417.463. "Thus, by virtue of the statute, civil claims that are derivative of a claim of misappropriation of trade secrets are preempted. A claim that is based on facts related

to the misappropriation claim is deemed derivative and, thus, preempted." *Secure Energy, Inc. v. Coal Synthetics, LLC*, No. 4:08CV1719 JCH, 2010 WL 1691454, at *1 (E.D. Mo. April 27, 2010) (citations omitted) (attached hereto as Ex. C). The purpose of this provision of the Act is to preclude a plaintiff "from merely restating its trade secrets claims as separate tort claims." *Id.* (citation omitted). When determining whether a claim is preempted by the MUTSA, "the court must look beyond the label of the claims to 'the facts being asserted in support of the claim.'" *Id.* (citation omitted). "[C]laims that are based upon the same set of operative facts as a MUTSA claim will be preempted." *Id.* (citations omitted). Moreover, "preemption…is not avoided simply because a claim requires different elements of proof than a MUTSA claim." *Id.*

In this case, it is undisputed that Plaintiff's conversion and quantum meruit claims are based upon the same facts as Plaintiff's trade secret misappropriation claim. (Second Am. Compl.) Indeed, Plaintiff's proposed Second Amended Complaint contains no factual allegations specific to these new claims. (*Id.*) In fact, in Plaintiff's Motion for Leave to File its Second Amended Complaint, Plaintiff states that the conversion and quantum meruit claims "conform to the facts alleged in the Original and First Amended Complaints." (Pl.'s Mot. for Leave to File Second Amended Compl. ¶ 9.) It is, therefore, clear that Plaintiff's newly-asserted conversion and quantum-meruit claims are derivative of its claim of misappropriation of trade secrets. (*Id.*) Thus, under the plain-language of § 417.463 and controlling precedent, Plaintiff's conversion and quantum meruit claims are preempted by the MUTSA. *See Bancorp Servs., LLC v. Hartford Life Ins. Co.*, No. 4:00-CV-70CEJ, 2002 WL 32727076, at *4 (E.D. Mo. Feb. 25, 2002) (attached hereto as Ex. D) (finding that the defendant's counter-claim for conversion was preempted by the MUTSA); *Penalty Kick Management Ltd. v. Coca Cola Company*, 318 F.3d 1284, 1297-98 (11th Cir. 2003) (affirming dismissal of "quantum meruit" claim as preempted by Georgia's identical

M AB1 2185689 v1
2783944-000044 10/19/2010

version of the Trade Secrets Act); *Fox Controls, Inc. v. Honeywell, Inc.*, No. 02 C 346, 2004 WL 906114, at *1 (N.D. Ill. Apr. 26, 2004) (copy attached as Ex. E) (finding that the plaintiff's quantum meruit and unjust enrichment claims were "preempted by the [Illinois Trade Secrets Act]" whose preemption statute is identical to Missouri's statute); *Glasstech, Inc. v. TGL Tempering Sys., Inc.*, 50 F. Supp. 2d 722, (N.D. Ohio 1999) (finding that the plaintiff's quantum merits and unjust enrichment claim was preempted by Ohio's identical version of the Unfair Trade Secrets Act: "Plaintiff's common law claims of…quantum meruit, unjust enrichment and unfair competition must be dismissed because the claims are 'no more than a restatement of the same operative facts'").[2] Accordingly, because Plaintiff's conversion and quantum meruit claims are expressly preempted by the MUTSA, the Court should dismiss those claims in Plaintiff's Second Amended Complaint as a matter of law.

## CONCLUSION

For the foregoing reasons, Varsity respectfully requests that this Court dismiss Plaintiff's newly added claims of copyright infringement of an alleged "computer program," conversion, and quantum meruit pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted,

/s/ Adam S. Baldridge_____
Harry W. Wellford Jr.
Ebony M. McCain
LITTLER MENDELSON P.C.
One Metropolitan Square
211 North Broadway, Suite 1500
St. Louis, MO 63102
314.659.2004 direct
314.659.2099 fax
hwellford@littler.com

---

[2] *See Secure Energy, Inc.*, 2010 WL 1691454, at *2 n.6 (stating that Ohio's preemption provision of the unfair trade practices act is "virtually identical to the MUTSA").

>Grady Garrison (TN BPR #8097)
>   (admitted *pro hac vice*)
>Adam S. Baldridge (TN BPR # 23488)
>   (admitted *pro hac vice*)
>**BAKER, DONELSON, BEARMAN,**
>**CALDWELL & BERKOWITZ, P.C.**
>165 Madison Avenue
>Memphis, TN 38103
>(901) 526-2000
>(901) 577-2303 (facsimile)
>ggarrison@bakerdonelson.com
>abaldridge@bakerdonelson.com
>
>*Counsel for Varsity Brands, Inc., Varsity Spirit Corporation, and Varsity Spirit Fashions & Supplies, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 21st day of October 2010, a copy of the foregoing electronically filed document was served upon all counsel of record via the Court's notice of electronic filing:

>Lionel L. Lucchesi
>William Cunningham
>Nelson D. Nolte
>POLSTER, LIEDER WOODRUFF
>& LUCHESI, L.C.
>12412 Powerscourt Dr., Suite 200
>St. Louis, MO 63131

>/s/ Adam S. Baldridge